**NOTICE**
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240289-U

NO. 4-24-0289

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 15, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| GWENDOLYN M. THOMAS, | ) | Appeal from |
|     Petitioner-Appellee, | ) | Circuit Court of |
|     v. | ) | Cass County |
| LUKE A. THOMAS, | ) | No. 22DC15 |
|     Respondent-Appellant. | ) | |
| | ) | Honorable |
| | ) | Holly J. Henze, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Zenoff and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) Respondent's appellant brief fails to comply with supreme court rules and
              fails to prove he was denied due process due to an allegedly biased trial judge.

              (2) Respondent fails to prove the trial court erred in denying his motion to
              continue the final hearing on the petition for dissolution of marriage.

¶ 2        In January 2024, the trial court entered a judgment for dissolution of the marriage

of the parties, Gwendolyn M. Thomas and Luke A. Thomas, as well as a parenting plan.

Respondent appeals, arguing, in part, (1) he was denied due process due to judicial bias and

(2) the court erred in denying his motion to continue the trial. We affirm.

¶ 3                                 I. BACKGROUND

¶ 4        The parties were married in April 2009. They share four children: G.T. (born in

June 2008) and three minor children not mentioned in this appeal. The marriage was dissolved as

of April 2023. At the time of the hearing on the petition for dissolution, respondent resided in

Rochester, Minnesota; petitioner resided in Illinois.

¶ 5        The dissolution of the parties' marriage has been contentious, including claims of physical abuse and kidnapping and motions for protection orders. Mentioned in respondent's appeal is a November 3, 2023, hearing in which the trial court considered the best interests of G.T., whose behavior and mental-health history necessitated intervention. At that hearing, petitioner objected to G.T.'s residing with respondent, arguing in part: "I think that [G.T.'s] behavior over the past year, especially the communications that he has had with [G.T.], despite your court order telling him he's not to have communication with [G.T.] has created in large part this problem." The court responded, stating, "I entered that order based on my—the information that I had at the time that he had basically kidnapped [G.T.] and then I find out that that's not the case, you guys had a camping trip planned, you had given them permission to do that." Petitioner disputed the court's conclusion she had given permission and sought placement of G.T. in a residential facility. The court ruled it would "try dad before we do that." The court noted petitioner's objections and said it would not "place blame right now, that's for the final hearing."

¶ 6        On March 3, 2023, the initial judge presiding over the parties' dissolution proceedings, Jerry J. Hooker, recused himself. That same day, the parties' case was assigned to Holly J. Henze.

¶ 7        The trial court, on September 20, 2023, set a hearing date of January 11-12, 2024: "All remaining issues are set for hearing before the undersigned on Jan 11-12, 2024 at 9:00." An order indicates the January 2024 hearing on all remaining issues would be held in person.

¶ 8        On January 8, 2024, respondent filed a motion to continue trial. One of the bases for his motion was due to weather conditions. Respondent argued his employer, Mayo Clinic, had personnel and attendance policies limiting his absences from work. According to respondent,

his employer required notice of approximately four to six weeks for court appearances. Respondent further provided a weather advisory for his travel route from Rochester, Minnesota, to Virginia, Illinois. According to the weather advisory, moderate to heavy snow of 7 to 12 inches was expected in the days before the January 11, 2024, travel date.

¶ 9 The January 11, 2024, docket entry shows respondent was present at the hearing via Zoom. The trial court denied respondent's motion to continue. A written order, dated "January 15, 2024 *nunc pro tunc* to January 11, 2024," further explains the denial of respondent's motion to continue. The court held the following, in part:

> "Regarding the anticipated bad road conditions, the [inclement] weather forecast is not a sufficient reason to support a continuance in light of the parties' and the court's ability to appear via Zoom pursuant to [Illinois] Supreme Court Rule 45 [(eff. Jan. 1, 2023)].
>
> Regarding the Respondent's inability to take time off work to attend the trial, he states in paragraph 3 of the Motion to Continue filed on January 8, 2024[,] that he is required to provide notice of any anticipated '… absences in advance of work schedules being issued (approximately 4–6 weeks) … .' The trial dates were selected by agreement and were contained in the court's Hearing Scheduling Order entered on September 20, 2023. This should have been sufficient time for the Respondent to advise his employer of his need to be removed from the schedule on the chosen dates."

¶ 10    On January 18, 2024, the trial court issued its judgment for dissolution of marriage and parenting plan. The court noted respondent "appeared *pro se* via Zoom but logged off and did not participate in the hearing after his Motion to Continue was denied." The court entered orders distributing marital assets and assigning parenting time of the children. Respondent was granted primary parenting time of G.T., while petitioner was granted primary parenting time of the other three children.

¶ 11    This appeal followed.

¶ 12                                      II. ANALYSIS

¶ 13                                      A. Due Process

¶ 14    Respondent argues he was denied due process because of a biased judge. In support of his contention, respondent points to alleged *ex parte* communications between Judge Hooker and Judge Henze, his "hand selected" replacement, and *ex parte* communications between Judge Henze and the guardian *ad litem* (GAL). He also points to multiple alleged errors, such as the trial court's erroneous conduct of relying on false, misleading information in ordering respondent have no communication with G.T., failing to hold a "final hearing," allowing petitioner and the GAL to file affidavits and reports late, and denying his motion to continue. Respondent's appellant brief lists other failures demonstrating a biased trial court, asserting the court "[r]epeatedly permitted, condoned, and/or refused to consider or rule upon illegal and/or improper acts despite repeated requests for relief and opportunities to be heard," terminating his "right to maintain his parent-child relationship without notice and without an opportunity to be heard," "[failing] to consider uncontroverted evidence of [his] disability," ordering "the parties to attend trial in-person and upon inclement weather making in-person trial impossible, improperly [refusing] to continue trial contending the parties could conduct the trial by Zoom," and

- 4 -

"[r]epeatedly fail[ing] to enforce the rules of discovery and evidence."

¶ 15      Respondent's argument is premised on uncited and unsupported allegations as well as misstatements. For example, respondent asserts the trial court, at the hearing that initially placed G.T. in respondent's care, reserved an issue for the "final hearing" but did not hold a "final hearing." The record shows the final hearing in the matter took place on January 11, 2024; respondent did not stay for that hearing. Moreover, respondent argues the court had *ex parte* communications with the GAL but fails to cite the record for these alleged communications. Respondent also cites no legal authority showing the alleged communications violated his right to due process.

¶ 16      These uncited and unsupported allegations render respondent's appellant brief noncompliant with supreme court rules. Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020) mandates the "Statement of Facts" section of appellant briefs "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment" and contain "appropriate reference to the pages of the record on appeal." Respondent's statement of facts lacks citations to relevant pages. For example, in its second paragraph, respondent's statement of facts asserts respondent was licensed as an attorney in 2002 but ceased the active practice of law after being diagnosed with rectal cancer at Mayo Clinic in May 2019. For these facts, respondent cites "C37-40," which is the petition for dissolution. That petition provides no support for the preceding facts. The rest of the paragraph in the appellant brief refers to respondent's unemployment through July 2023, as of which he began working for Mayo Clinic in a nonlegal position. For that contention, no citation is provided. The last sentence of that same paragraph also lacks support and contains argument: "Respondent was advanced only $3000 worth of marital and non-marital [ ]assets by the trial court since the inception of this

case, with the trial court knowing Respondent had no other source of income or support." Respondent cites "C369" in the record for these facts, but no support is found there. In another paragraph, respondent references an order of the court to find legal and nonlegal employment but provides no citation. Respondent also mentions the recusal by Judge Hooker but argues, "As a result of lack of record or accounting for the reasons ***, it is difficult, if not impossible to discern exactly what transpired from the time Respondent's Motion for Recusal was denied on December 22, 2022[,] by the trial court and Judge Hooker's self-recusal order." Respondent references an *ex parte* communication with the GAL " 'to be brought up to speed' " but again fails to cite the record in support.

¶ 17      Similarly, respondent's brief fails to comply with the subsection mandating the contents of the "Argument" section: Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). Rule 341(h)(7) requires appellants to provide "citation of the authorities and the pages of the record relied on." *Id.* In his argument section, respondent provides no citation to the record for his accusations the trial court engaged in *ex parte* communications with the GAL. Interestingly, in his brief, respondent appears to have, in an earlier draft, left a spot to insert a date of such communication, but, in his final draft, left the space for that date empty, as well as a space for conduct respondent failed to provide: "Judge Henze's May ____-, is perhaps the pinnacle illustration of such erroneous conduct. After learning Respondent was awarded an _____." Notably, respondent next cites the court's language from the November 3, 2023, hearing, which acknowledges an order had been based on misinformation, as showing bias, but respondent misrepresents the acknowledgement by failing to include the fact the court refused to hold the order and misinformation against respondent and, ultimately, placed G.T. in respondent's care.

¶ 18 Moreover, a further failure under Rule 341(h)(7), respondent provides no authority to show how judicial bias is proved. He cites general authority showing due process requires an unbiased judge, as well as law showing a parent's right to parent his own child is a fundamental right, but no case law showing how judicial bias is proved and whose burden it is to do so. See *People v. Ward*, 215 Ill. 2d 317, 332, 830 N.E.2d 556, 564 (2005) (observing argument unsupported by relevant authority does not comply with supreme court rules). In addition to the failure to cite any pages of the record to show *ex parte* communications occurred, respondent has not cited any authority to show such communications prove judicial bias and equate to a deprivation of due process. Respondent simply asks this court to either perform the research and develop the argument necessary to prove his claims or accept as true his accusations such communications occurred and such communications require reversal.

¶ 19 Respondent attempts to prove judicial bias by pointing to multiple orders he asserts were erroneous. However, respondent provides no authority to show these alleged errors were actual error. See *Vancura v. Katris*, 238 Ill. 2d 352, 370, 939 N.E.2d 328, 340 (2010) ("An issue that is merely listed or included in a vague allegation of error is not 'argued' and will not satisfy the requirements of the rule."). Again, respondent asks this court to accept his contentions as true without attempting to prove them.

¶ 20 An appeal may be dismissed solely on the basis the briefing does not comply with supreme court rules. See *Progressive Universal Insurance Co. of Illinois v. Taylor*, 375 Ill. App. 3d 495, 501-02, 874 N.E.2d 910, 915 (2007). This court is not a depository into which the burden of research and argument may be dumped. *In re Marriage of Hundley*, 2019 IL App (4th) 180380, ¶ 82, 125 N.E.3d 509. A court of review is "entitled to have the issues clearly defined and a cohesive legal argument presented." *Id.*

¶ 21　　　　　We need not, however, dismiss respondent's appeal for this failure alone. We understand his general contention but find no proof Judge Hooker or Judge Henze were biased or partial. Respondent has not proved he was denied due process. See, *e.g.*, *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 44, 91 N.E.3d 950 (stating the appellant bears the burden of proving trial-court error); see also *People v. Fisher*, 2023 IL App (4th) 220717, ¶ 31 ("A trial judge is presumed to be impartial, and it is the burden of the party challenging the court's impartiality to overcome that presumption."). We are not convinced by the unsupported allegations and claims.

¶ 22　　　　　　　　　　　　B. Motion to Continue

¶ 23　　　　　Respondent next argues the trial court abused its discretion in denying his request for a continuance of trial, and the court's judgment based on the trial was not supported by the record or admissible evidence. Respondent contends the trial court misinterpreted Illinois Supreme Court Rule 45 (eff. Jan. 1, 2023) as "providing an absolute bar to a party seeking continuance of trial based on inclement weather and dangerous travel conditions." Respondent argues the court failed to recognize its own September 20, 2023, order mandating the trial be held in person, leading to the court misinterpreting his argument seeking a continuance. Respondent adds another argument not included in its heading, contending the court's "mistake of law regarding its authority to enter orders *nunc pro tunc* justifies reversal."

¶ 24　　　　　Litigants may seek a continuance, but the trial court has discretion whether to grant or deny that request. 735 ILCS 5/2-1007 (West 2022). Section 2-1007 permits a trial court to grant additional time "[o]n good cause shown." *Id.* On the eve of trial, however, the burden is higher for a movant: "No motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay." Ill. S. Ct. R.

231(f) (eff. Jan. 1, 1970). This court will find an abuse of discretion in the decision to deny a motion to continue only if we find the decision to be arbitrary, unreasonable, or fanciful, or if we find no reasonable person would take the trial court's view. *In re Marriage of LaRocque*, 2018 IL App (2d) 160973, ¶ 94, 107 N.E.3d 349. Moreover, before a reversal will be granted, the appellant must show he or she was prejudiced as a result of the improper denial. See *In re A.F.*, 2012 IL App (2d) 111079, ¶ 36, 969 N.E.2d 877.

¶ 25     Initially, we note respondent's "Argument 2" suffers the same flaws as his due-process argument. First, he fails to provide any law showing the applicable legal considerations on a motion to continue, any law establishing the standard of review for an order denying a motion to continue, and any case law supporting his contentions the circumstances of his case made the denial of his motion to continue reversible error. Without legal authority, respondent's argument is unconvincing and he has not met his burden on appeal. See, *e.g.*, *Insurance Benefit Group*, 2017 IL App (1st) 162808, ¶ 44. Second, except for two cites in the five pages of single-spaced argument, respondent fails to provide necessary citations to the record to support his claim.

¶ 26     Respondent failed to set forth a convincing argument the trial court abused its discretion and made no attempt to establish prejudice from the alleged error. Respondent's motion was made three days before trial and almost a week after the GAL's final report was filed. His own motion shows he could have requested the time off from work for trial as of September 20, 2023, almost four months before trial. In these circumstances, it is difficult to conceive any argument he was prejudiced by the denial of the motion to continue.

¶ 27     We note the trial court's ruling on the motion to continue does not appear to have been based on the conclusion Rule 45 required the trial be held by Zoom. The court considered

respondent's contentions and found them to be unreasonable. The order does not show the court believed it had no choice but to deny respondent's motion.

¶ 28 Respondent next argues the trial court improperly entered an order *nunc pro tunc*. While respondent cites multiple authorities to establish *nunc pro tunc* orders are disfavored, respondent fails to provide a citation for the order he challenges and to make any attempt to show he was prejudiced by the order. It appears respondent is citing an order that occurred after the final pretrial conference, which was held on December 29, 2023. That order was entered on January 12, 2024, *nunc pro tunc* to December 29, 2023. The contents of the written order reflect the discussion at that pretrial conference, which respondent attended. Interestingly and relevant to respondent's argument on the motion to continue, at this pretrial conference, respondent was told if he did not appear in person at trial, the trial would proceed by Zoom. No prejudice is shown; reversal on this ground is not required.

¶ 29 Last, respondent, in his final paragraph, presents a short argument regarding his firearm owner's identification card and the ordered sale of weapons. No citations to the record or to authority are included. This argument is forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 30                                    III. CONCLUSION

¶ 31           We affirm the trial court's judgment.

¶ 32           Affirmed.